## Commonwealth, Appellant, *v.* Williams.

*Criminal law—Motion to quash indictment—Practice.*

It is necessary for the protection of the commonwealth and the accused, and for the information of this court on appeal, that a motion to quash an indictment, with a specification of the alleged defects or irregularities on which it is based, should appear on the record.   It is proper practice, therefore, to require that the motion and the reasons for it be reduced to writing and filed.

*Indictment—Construction of words " then and there."*

Where an indictment begins by stating that the grand inquest for the county of Lackawanna do present that the defendant, " late of the said county, on the eighth day of June, in the year of our Lord, 1891, at the county, aforesaid, and within the jurisdiction of this court, . . . . did unlawfully, wilfully, corruptly and falsely swear before Hon. Daniel W. Searle, president judge of the courts of Susquehanna county, specially presiding at a session of the court of quarter sessions of the peace, then and there being held," the words " then and there" refer to the eighth of June and the county of Lackawanna.

*Indictment—Amendment—Formal defects—Time to take advantage of.*

A formal defect in an indictment may be cured by amendment, and advantage must be taken of it, if at all, before the jury is sworn.   Such a defect, not objected to in the court below, will not sustain the judgment of the court below quashing the indictment.

*Same—Omission of defendant's estate, mystery or degree.*

The omission of the defendant's addition of estate, mystery or degree, is a defect of an extremely technical and formal kind and clearly amendable.

Argued Feb. 24, 1892.   Appeal No. 183, Jan. T., 1892, by Commonwealth, from judgment of court of Q. S. Lackawanna

Co., Dec. Sess., 1891, No. 27, quashing indictment against George Williams for perjury. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

The indictment was as follows:

" In the Court of Quarter Sessions of the peace for the county of Lackawanna. December sessions, 1891.

" County of Lackawanna, ss.:

" The grand inquest of the commonwealth of Pennsylvania, inquiring for the county of Lackawanna, upon their respective oaths and affirmations, do present, That George Williams, late of the said county, on the 8th day of June in the year of our Lord, 1891, at the county aforesaid, and within the jurisdiction of this court, with force and arms, etc., did unlawfully, wilfully, corruptly, and falsely swear before Hon. Daniel W. Searle, president judge of the courts of Susquehanna county, specially presiding at a session of the court of quarter sessions of the peace, then and there being held, the said oath being duly administered to the said George Williams according to law by the said James Beamish, he, the said James Beamish being then an officer of said court, and then and there having competent authority to administer the same, and it being then and there material for the said judge holding court as aforesaid to know among other things, whether said George Williams had had sexual intercourse with a certain Hannah Deacle, and had committed fornication with her, which facts were inquired into in a certain issue then and there pending; and the said George Williams having been duly sworn, according to law, did then and there swear, that then she (Hannah Deacle meaning) told me in the way she was, and I told her I was innocent of the charge (the charge of fornication meaning) that she was preferring on me, and I wasn't going to have anything to do with her at all, she says to me that she was in that way (that she was pregnant meaning), and asked me if I wasn't going to stand by what I had done. I asked her what I had done and she told me that it was me that done it (meaning the act of sexual intercourse by which the child was begotten), and I told her it wasn't me that done it, and I wasn't going to stand by anybody else's doing. I didn't have anything to do with it. *Question :* Whether or not you ever had connection with this girl.

(Hannah Deacle meaning.) *Answer :* No sir ; didn't have no connection (sexual intercourse meaning) with her (Hannah Deacle meaning).    Whereas, in truth and in fact the said George Williams did have the sexual intercourse with said Hannah Deacle, and committed fornication with her, and was the father of her child.

" And so the grand inquest aforesaid, in their oaths and affirmations aforesaid, do say, that the said George Williams on the day and year aforesaid, at the county aforesaid, and within the jurisdiction of this court, before the said judge holding court as aforesaid, unlawfully, willfully, and corruptly did commit willful and corrupt perjury, in manner and form aforesaid, contrary to the form of the act of the general assembly in such case made and provided and against the peace and dignity of the commonwealth of Pennsylvania."

The jury having been impaneled and sworn, the court below by CONNELLY, J., on motion of the defendant, quashed the indictment. [1]    The commonwealth then moved to amend the indictment, which motion the court denied. [2]

*Errors assigned* were (1) the quashing of the indictment ; (2) the refusal to allow the amendments to the indictment.

*A. A. Vosburg*, with him *John P. Kelly*, district attorney, *H. M. Edwards* and *W. S. Hulslander*, for appellant.

*C. Comeygs*, *E. H. House* with him, for appellee.

The indictment had been quashed before the motion to amend was made.

The criminal procedure act of 1860 requires a " proper averment to falsify the matter wherein the perjury is assigned." There is no such averment here.    No addition of estate, mystery or degree is given : Commonwealth v. France, 2 Brewst. 568 ; Commonwealth v. Watrous, 1 Lack. L. Rec. 431 ; s. c. 1 Law Times (N. S.) 153.    " There " refers to " Susquehanna county."    " Susquehanna county " is not descriptive of Judge SEARLE's official position—he is the president judge of the thirty-fourth judicial district ; Archbold's Crim. Pleading, 39.

OPINION BY MR. JUSTICE McCOLLUM, April 25, 1892 :

An indictment may be quashed for defects appearing on its face, and for matters dehors the record.

In the case at bar, our information respecting the reasons

which induced the court below to quash the indictment is derived exclusively from a transcript of the stenographer's notes, printed in the appellant's paper book, the correctness of which is not disputed by the appellee, and from the oral statements of counsel on the argument. From this transcript we learn that, in response to a motion to quash, the learned judge said, " we shall have to quash this indictment; it is too vague and uncertain," and thereupon the counsel for the commonwealth moved to amend it, and their motion was denied. There is nothing on the record which shows the grounds of the motion to quash, or the substance of the proposed amendment. This is certainly a very loose and unsatisfactory practice, from which confusion and injustice may often result. It is necessary, for the protection of the commonwealth and the accused, and for the information of this court on appeal, that the motion to quash, with a specification of the alleged defects or irregularities on which it is based, should appear on the record. It is proper practice, therefore, to require that the motion, and the reasons for it, be reduced to writing and filed. But, as it was conceded on the argument that the specific objection made to the indictment in the court below was, that it failed to show the offence charged therein was committed in Lackawanna county, we will consider the objection, and whether it was well taken. It rests on the claim that the word " there," when used in the indictment, is referable to the words " Susquehanna county," which precede it. We cannot assent to this claim, because we think it is obvious that the words " then and there " refer to June 8, and Lackawanna county, to the time when, and the county in which it is previously distinctly charged the alleged false oath was taken, and that the words " Susquehanna county " are merely descriptive of the official position of the person before whom the oath was taken and the judicial inquiry was pending. The indictment clearly shows that the court in which it was found has jurisdiction of the crime laid in it, and all matters essential to constitute the crime are averred therein with sufficient precision and certainty. There is no substantial defect in it.

It was contended, however, on the argument here, that, if a careful inspection of the indictment should result in the discovery of a formal defect, the judgment must be affirmed. We

cannot agree that an affirmance of the judgment would be a necessary or appropriate consequence of such a discovery. A formal defect may be cured by amendment, and advantage must be taken of it, if at all, before the jury is sworn. It is not available to set aside a verdict or to prevent a judgment thereon. It is the policy of the law to facilitate a trial on the merits, and merely formal defects in the pleadings are no longer fatal obstructions to it. A defect which, if brought to the notice of the court below, would have been promptly removed by an amendment, cannot be successfully urged here to invalidate the indictment. From the grant of a power to permit amendments, the duty to exercise it, in a proper case, is implied, and it would certainly be a plain violation of that duty to refuse to allow an amendment, in correction of a mere clerical mistake. An omission of the defendant's addition of estate, mystery or degree, is a defect, which, at most, is of an extremely technical and formal kind, and clearly within the scope of our amendment statutes. An objection in the court below, founded on such omission, would have resulted in an amendment which cured it, and we cannot assent to the proposition that a formal defect, which was not objected to there, is available here in aid of an erroneous judgment.

Judgment reversed and procedendo awarded.