MORRIS BRIN *vs.* JOSEPH MESITE ET AL.

First Judicial District, Hartford, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

While a mechanic's lien secures a claim for "materials furnished" and for "services rendered" in the construction or repair of a building (General Statutes, § 4135), it does not cover a loss of profits or damages sustained by a contractor who is prevented from completing his work; and therefore in an action upon a bond substituted for such a lien (§ 4139), the amount recoverable by the plaintiff is subject to the same limitations.

Submitted on briefs January 5th—decided February 23d, 1915.

ACTION against the principal and surety upon a bond given in substitution for a mechanic's lien, brought to the City Court of Hartford and tried to the jury be-

fore *Bullard, J.;* verdict for the plaintiff for $828, which was reduced by *remittitur* to $785, to correspond with the *ad damnum* clause, and from the judgment thereon the defendants appealed. *Error and new trial ordered.*

This action is brought against one Mesite and one Dunlap, respectively principal and surety upon a common bond in the penal sum of $1,750, given in substitution for an attachment. The obligation of the bond is conditioned upon the payment to the plaintiff by Mesite of such an amount as a court of competent jurisdiction should adjudge to have been secured by the lien, together with interest and costs.

The complaint recites that the plaintiff entered into a written contract with Mesite to do the mason work upon a building in process of erection by the latter, its owner; that the plaintiff entered upon the performance of this contract, and in connection therewith did extra work in the construction of the building at Mesite's direction; that, while the execution of the contract was in progress, Mesite wrongfully prevented its completion; that the plaintiff, thereupon filed a mechanic's lien against the property; and that this lien was subsequently dissolved by the giving, in substitution therefor, of the bond in suit.

The complaint also alleges that the plaintiff was put to expense in keeping his men ready to carry out the contract, and that by holding himself in readiness to that end he lost several contracts that would have netted him a good profit.

The prayer for relief is one for a judgment against both defendants for $785, "or such other sum as the court may find to be equitably due under said mechanic's lien."

Upon the trial evidence was received that the plaintiff's loss, by reason of being prevented from completing the contract, was about $300, and that, by reason of

holding himself in readiness to complete it, he had refused another contract in which his profit would have been $300.

In the charge the jury were told that if the plaintiff was not at fault, and his noncompletion of the work was the result of the unjustifiable acts of the defendant in preventing completion, he was entitled to "whatever he had spent in the partial performance of that contract, plus the profit he might be entitled to if he had completed the contract"; and again, that in such case he was "entitled to recover what he expended, in so far as he did carry forward the contract, plus what he might have made by way of profit if he had completed the contract."

*Albert C. Bill* and *Salvatore D'Esopo,* for the appellants (defendants).

*Ralph M. Grant,* for the appellee (plaintiff).

PRENTICE, C. J. It is evident that this peculiarly drafted complaint must be construed as one for breach of the bond. Its recitals and prayer both indicate that such was the plaintiff's conception of his cause of action, and the joinder as a defendant of Dunlap, who had no other connection with the matter in controversy than as surety upon the bond, can be neither explained nor justified upon any other theory. Were there room for doubt as to the understanding of plaintiff's counsel upon this point, it would be resolved by reference to his statement to the court, made at the opening of the trial, that the plaintiff was seeking recovery for breach of the bond, and to the form of the judgment, which was one against both defendants.

The action being upon the bond, it is apparent that there could be no recovery, by reason of its breach, of

an amount in excess of that which had been secured by the lien dissolved. That lien secured the plaintiff's claim for material furnished and services rendered in the construction of the building. General Statutes, § 4135. It did not afford him security for his loss of profit or damage suffered by his being prevented from completing the work. The court mistakenly permitted recovery of this latter character, for which in a considerable amount the evidence furnished a substantial basis. Apparently the court, for the time being, lost sight of the fact that the action was one upon the bond, and accordingly failed to keep the plaintiff's recovery within the limits thereby necessitated.

Whether or not the instructions would have been correct had the action been one against Mesite alone for breach of the contract, we have no occasion to inquire.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.