JANET MASTROLILLO ET AL. *v.* CITY OF
DANBURY ET AL.
(AC 19879)

Foti, Dranginis and Dupont, Js.

Submitted on briefs November 27, 2000—officially released
February 13, 2001

 

*John A. Brennan* filed a brief for the appellant (named plaintiff).

*Michael C. Deakin* filed a brief for the appellee (named defendant).

*Opinion*

DRANGINIS, J. The plaintiff Janet Mastrolillo[1] appeals from the summary judgment rendered by the trial court in favor of the defendant city of Danbury (city). On appeal, the plaintiff claims that the court improperly (1) abused its discretion in denying her request for leave to amend the complaint and (2) granted the city's motion for summary judgment as to count one of the complaint. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. As alleged in the complaint, on April 7, 1996, at approximately 6 p.m., the plaintiff was walking to her car, which was parked on Parker Street in Danbury. As the plaintiff was walking along the property adjacent to Parker Street, she tripped over and fell onto a metal post protruding from the ground and sustained personal injuries.

On April 3, 1998, the plaintiff commenced this action for personal injuries against the city under General Statutes § 13a-149.[2] The plaintiff alleged that her injuries

---

[1] The other plaintiff in this action is Mastrolillo's husband, Patrick Mastrolillo. Only Janet Mastrolillo has appealed. We refer in this opinion to Janet Mastrolillo as the plaintiff.

[2] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written

were caused by the city's failure to maintain safely and properly its roads.[3]

On August 5, 1998, the city filed its answer to the plaintiff's complaint, denying all of the material allegations contained therein. On March 30, 1999, the city filed a motion for summary judgment, claiming that the plaintiff had failed to allege in the complaint that she had exercised due care. On April 13, 1999, the plaintiff filed an objection to the city's motion for summary judgment and a request for leave to amend the complaint. On July 15, 1999, the court issued a memorandum of decision denying the request for leave to amend the complaint and granting the motion for summary judgment in favor of the city. This appeal followed. Additional facts will be provided as needed.

I

The plaintiff's first claim is that the court abused its discretion in denying her request for leave to amend the complaint. Specifically, the plaintiff argues that she should have been permitted to amend the complaint to allege her exercise of due care as the case law interpreting § 13a-149 requires because the amendment was not a new cause of action, but merely an amplification of the original pleadings, and was not time barred.

notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . ."

[3] The complaint was brought in six counts. Only counts one and two were addressed to the city. Count one involves the plaintiff's defective highway claim against the city that is the subject of this appeal. In count two, Patrick Mastrolillo alleged a derivative cause of action for loss of consortium based on the plaintiff's injuries. The trial court granted the city's motion for summary judgment as to both counts. Patrick Mastrolillo does not appeal from that judgment. Counts three, four, five and six of the complaint are not addressed to the city and are not involved in this appeal.

Our standard of review of the plaintiff's claim is well defined. "A trial court's ruling on a motion of a party to amend its complaint will be disturbed only on the showing of a clear abuse of discretion." *Constantine* v. *Schneider*, 49 Conn. App. 378, 389–90, 715 A.2d 772 (1998). "Whether to allow an amendment is a matter left to the sound discretion of the trial court. [An appellate] court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. . . . It is the [plaintiff's] burden in this case to demonstrate that the trial court clearly abused its discretion." (Citation omitted; internal quotation marks omitted.) *AirKaman, Inc.* v. *Groppo*, 221 Conn. 751, 766–67, 607 A.2d 410 (1992).

"Under the statutes and rules of practice, the court may in its discretion, in a proper case, allow the filing of amendments to pleadings before, during and after trial." (Internal quotation marks omitted.) *Constantine* v. *Schneider*, supra 49 Conn. App. 389, quoting *Wright* v. *Coe & Anderson, Inc.*, 156 Conn. 145, 155, 239 A.2d 493 (1968). "Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." (Internal quotation marks omitted.) *Connecticut National Bank* v. *Voog*, 233 Conn. 352, 364, 659 A.2d 172 (1995). "The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Internal quotation marks omitted.) *Mezes* v. *Mead*, 48 Conn. App. 323, 337, 709 A.2d 597 (1998), quoting *Esposito* v. *Presnick*, 15 Conn. App. 654, 660, 546 A.2d 899, cert. denied, 209 Conn. 819, 551 A.2d 755 (1988). "The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the facts of the particular case." (Internal quotation marks

omitted.) *Wassell* v. *Hamblin*, 196 Conn. 463, 466–67, 493 A.2d 870 (1985), quoting *Wallingford* v. *Glen Valley Associates, Inc.*, 190 Conn. 158, 161, 459 A.2d 525 (1983).

We are unable to discern the basis of the court's decision on the record before us. In its memorandum of decision, the court stated: "After much consideration, this court sustains the defendant's objection to the plaintiff's request to amend." This comment immediately follows a citation to the three factors to be considered in passing on a motion to amend. The factors cited are the length of delay, the fairness to the opposing parties and the negligence, if any, of the party offering the amendment. See *Tarzia* v. *Great Atlantic & Pacific Tea Co.*, 52 Conn. App. 136, 142, 727 A.2d 219 (1999), appeal dismissed, 254 Conn. 786, 759 A.2d 502 (2000). The court, however, never explained with specificity what factors it used in deciding this case. The plaintiff seeks review by this court of the trial court's decision. The plaintiff, however, failed to request an articulation from the court of the basis for its ruling. Consequently, the inadequate record prevents us from deciding the issue.

It is the responsibility of the plaintiff to provide this court with an adequate record as to the issues raised for review. See Practice Book § 61-10. Where the trial court's written decision does not include adequate findings of fact and conclusions of law, the appellant must "seek an articulation of the trial court's decision as to the relevant facts it found and the underlying reasons for it." *DeVellis* v. *DeVellis*, 15 Conn. App. 318, 322, 544 A.2d 639 (1988). Conclusions of the trial court cannot be reviewed where the appellant fails to establish through an adequate record that the "trial court incorrectly applied the law or could not reasonably have concluded as it did . . . ." Id.

The record reveals that the request to amend the complaint was made after the city filed a motion for

summary judgment, one year after the filing of the original complaint. The city's motion was based on the plaintiff's failure to allege due care. This motion alerted the plaintiff, and she filed her motion to amend to cure the deficiency. The record that was presented to this court, which lacked an articulation, fails to establish that the trial court incorrectly applied the law or could not reasonably have concluded as it did. The record is inadequate, and, therefore, we cannot say that the court's conclusion denying the request for leave to amend was an abuse of discretion.

## II

The plaintiff's next claim is that the court improperly granted the city's motion for summary judgment. Specifically, the plaintiff argues that she raised a genuine issue of material fact when she alleged due care in the amendment to the pleadings.

We first state our standard of review in summary judgment matters. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . ." (Citations omitted; internal quotation marks omitted.) *Doty* v. *Mucci*, 238 Conn. 800, 805, 679 A.2d 945 (1996).

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut*, 50 Conn. App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998). Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995). On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous. *2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.*, 33 Conn. App. 563, 567, 636 A.2d 1377 (1994). *Kramer* v. *Petisi*, 53 Conn. App. 62, 66–67, 728 A.2d 1097, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999)." (Internal quotation marks omitted.) *Tryon* v. *North Branford*, 58 Conn. App. 702, 706–707, 755 A.2d 317 (2000).

The first count of the plaintiff's complaint alleged a breach of the city's statutory duty under § 13a-149. The plaintiff, however, failed to allege due care in the first count of her complaint, and the court denied her request for leave to amend the complaint to include an allegation of due care. To establish liability under the defective highway statute, § 13a-149, the plaintiff had the burden of proving that she exercised due care. See *Rodriguez* v. *New Haven*, 183 Conn. 473, 476, 439 A.2d 421 (1981). Allegations of due care must be specifically pleaded in a defective highway claim brought against a municipality and cannot be presumed. See *Janow* v. *Ansonia*, 11 Conn. App. 1, 3–4, 525 A.2d 966 (1987). The trial court, having denied the plaintiff's request for

leave to amend the complaint, properly determined that the plaintiff had failed to allege due care in the first count of the complaint as required by the case law interpreting § 13a-149. Therefore, there was an absence of any genuine issue of material fact, and the city was entitled to judgment in its favor as a matter of law.

The court's conclusions are legally and logically correct and find support in the facts in the record. The court's decision to grant the city's motion for summary judgment motion was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.