[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S EARLIER RULING UPON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Upon reconsideration of this court's summary judgment ruling on or about January 25, 2001, at the request of defendant after "issuance of the decision in Melanson v. Town of West Hartford, 61 Conn. App. 693
(2001), the court leaves in place its prior ruling.
The "facts" of this case portray a level of intention far beyond that of an employer (as in Melanson) who poorly trains, etc. Rovasio's employer so clearly foresaw the prospect of gunplay victimizing its money-handlers it mandated vests, and Vowed termination should one not be worn. That is intentional jeopardizing of an employee and easily meets the "design to injure either actually entertained or to be implied from the conduct and circumstances" cited in Melanson.
It is easy to sidetrack one's analysis by noting that the employer did nothing to increase the likelihood of Mr. Rovasio being shot at. That is not the harm and not the complaint's core. What this employer intentionally willed was serious harm to the shot-at employer. It will be remembered that this court specifically conditioned its rationale upon there being a wound to an area that was mandated to be vested, presumably the torso.
So too, this court's original opinion would be different but for the employer so aggressively mandating then refusing the vest. Without that aspect, this case would fall back into the crowded area where injured employees have simply been placed in harm's way in hazardous work.
It may be that the sweeping language of Melanson will be employed to sweep away both tiers of this court's analysis, but this court respectfully submits that if this case in not within the exceptions (limited as it is to its facts), then there is no need for exceptions at all.
NADEAU, J.