# INTERCITY DEVELOPMENT, LLC *v.* JOAO ANDRADE ET AL.
## (AC 25918)
## (AC 26319)[1]

McLachlan, Harper and Berdon, Js.

Argued January 5—officially released July 25, 2006

---

[1] The two appeals were consolidated on the motion of the named defendant et al. AC 25918 is an appeal challenging the trial court's conclusions in its memorandum of decision in favor of the plaintiff, Intercity Development, LLC, filed October 5, 2004. AC 26319 is an appeal from the February 7, 2005 judgment of foreclosure by sale and the granting of the plaintiff's motion for attorney's fees.

*Marcy Tench Stovall*, with whom, on the brief, was *David P. Friedman*, for the appellants (named defendant et al.).

*Robert E. Ghent*, for the appellee (plaintiff).

*Opinion*

BERDON, J. The defendants Joao Andrade and Irene Andrade[2] appeal from the judgment of the trial court rendered in favor of the plaintiff, Intercity Development, LLC, in an action arising out of a contract entered into by the parties for the construction of a residence on property owned by the defendants in Oxford. The defendants claim that the court improperly (1) allowed recovery on the mechanic's lien the plaintiff filed against the property in the absence of any finding regarding the value of services rendered or materials furnished in the construction of the defendants' home, (2) awarded the plaintiff attorney's fees and (3) permitted amendment of the plaintiff's complaint after trial. We agree with the defendants as to the first and second issues, and reverse the judgment of the trial court as to the foreclosure of the mechanic's lien and the award of attorney's fees. The court did not abuse its discretion by allowing amendment of the complaint, and its judgment in favor of the plaintiff with respect to the claim for breach of contract is affirmed.

---

[2] People's Bank, a subsequent encumbrancer of the real property at issue, also is a defendant. We refer in this opinion, however, only to the Andrades as the defendants.

The following facts as found by the court and set forth in its memorandum of decision filed October 5, 2004, are relevant to our disposition of the defendants' claims on appeal. On November 26, 2001, having reviewed the plans and specifications prepared for the defendants by an architectural firm, the plaintiff, through its president, Anthony Stewart, entered into a contract with the defendants for the construction of a residence on property owned by the defendants in Oxford for the agreed price of $240,000 payable in five payments of $48,000 each according to a schedule with respect to the work performed. According to the terms of the contract, construction was to be completed within 180 days of commencement. It did not provide for attorney's fees in case of default.

Upon the commencement of work, the defendants requested many changes to the plans, causing considerable delays. The requested changes and the additional foundation work increased the cost of completing the contract to $264,441.50.

On July 17, 2002, Stewart arrived on the job to find certain building supplies missing and to be met by police, who informed him that he was trespassing. Irene Andrade had called the police and directed a letter, through her attorney, terminating the construction contract. According to the letter, the basis for the termination was the plaintiff's failure to complete the construction within the 180 day period as set out in the contract. At the point of termination, the plaintiff claimed that it was owed the sum of $49,933.19 and filed a mechanic's lien for such sum. The plaintiff then brought this action to foreclose the mechanic's lien. The defendants filed an answer with several special defenses and a counterclaim that raised, among other matters, the issue of the quality of the plaintiff's workmanship.

After a four day trial, over the objection of the defendants, the court permitted the plaintiff to amend its complaint by adding claims of breach of contract and quantum meruit. The court found that "the allegations of the plaintiff's first and second counts of its [amended] complaint [mechanic's lien fore-

closure and breach of contract, respectively, had] been established by the evidence and [the court] accept[ed] the plaintiff's [calculation] of damages as set out in the damages work sheet attached in the plaintiff's trial brief . . . ." The court, rejecting the defendants' special defenses and counterclaim, awarded damages to the plaintiff in the amount of $49,933.19, plus costs.[3] The court thus found in favor of the plaintiff on both the claim to foreclose on the mechanic's lien and the claim for breach of contract.[4] The court also stated that upon the plaintiff's filing of the appropriate motion, the court would entertain the foreclosure of the mechanic's lien. Thereafter, the plaintiff filed a motion for a judgment of strict foreclosure and a motion for attorney's fees pursuant to the mechanic's lien statute, General Statutes § 52-249 (a), both of which were heard by the court and granted. The court allowed the plaintiff attorney's fees in the amount of $27,225 pursuant to the provisions in the mechanic's lien statute. This appeal followed. Additional facts will be set forth as necessary.

I

The defendants claim that the court improperly rendered a judgment of foreclosure on the mechanic's lien in favor of the plaintiff without there being any finding regarding the value of services rendered or materials furnished in the construction of the defendants' home. We agree with the defendants and conclude that the plaintiff improperly obtained a judgment of foreclosure on the mechanic's lien.

We first set forth the standard of review. "The guidelines for interpreting mechanic's lien legislation are well established. Although the mechanic's lien statute creates a statutory right in derogation of the common law . . . its provisions should

___

[3] According to the plaintiff's damages work sheet, the balance due the plaintiff as of the termination of the contract was $161,117. Following termination, the defendants made payments totaling $66,617.81 to third parties for work performed on the house, therefore decreasing the amount owed under the contract to $94,499.19. The plaintiff then calculated $44,566 as the cost to complete the contract and subtracted that figure from $94,499.19. Thus, the remaining amount due the plaintiff under the contract was $49,933.19 at the time of termination.

[4] During oral argument, the defendants' counsel conceded that there was sufficient evidence to support the plaintiff's claim of breach of contract. The defendants continue to maintain, however, that the court improperly allowed

be liberally construed in order to implement its remedial purpose of furnishing security for one who provides services or materials. . . . The interpretation of the language of [General Statutes] § 49-33 is an issue of law. . . . Questions of law are subject to de novo review." (Citations omitted; internal quotation marks omitted.) *Santa Fuel, Inc.* v. *Varga*, 77 Conn. App. 474, 481–82, 823 A.2d 1249, cert. denied, 265 Conn. 907, 831 A.2d 251 (2003).

General Statutes § 49-33 (a) provides in relevant part: "If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances . . . and the claim is by virtue of an agreement with or by consent of the owner of the land . . . or of some person having authority from or rightfully acting for the owner in procuring the labor or materials, the building, with the land on which it stands . . . is subject to the payment of the claim." "The purpose of the statute is to give a contractor security for labor and material. . . . If the materials are not furnished, and the work is not done, in the construction, raising, removal or repairs of a building, there can be no lien." (Citations omitted.) *Stone* v. *Rosenfield*, 141 Conn. 188, 191–92, 104 A.2d 545 (1954). In other words, the lien statute "[does] not afford [the contractor] security for . . . loss of profit or damage suffered by [the contractor's] being prevented from completing the work." *Brin* v. *Mesite*, 89 Conn. 107, 110, 93 A. 4 (1915); see also *Rene Dry Wall Co.* v. *Strawberry Hill Associates*, 182 Conn. 568, 573, 438 A.2d 774 (1980) (Supreme Court has "often noted that mechanic's lien legislation is remedial in nature, designed to furnish security for a contractor's labor and materials").

In *M. J. Daly & Sons, Inc.* v. *New Haven Hotel Co.*, 91 Conn. 280, 287, 99 A. 853 (1916), an action to foreclose a mechanic's lien, our Supreme Court, however, held that with respect to substantial performance of a contract, "the amount for which foreclosure may be had" is not to be strictly "determined upon direct proof of the reasonable worth of the labor

the plaintiff to amend its complaint. We address that issue in part III of this opinion.

performed and materials furnished . . . . On the contrary, the well-established rule, in this and other jurisdictions, is that the reasonable value for which recovery may be had in cases of substantial performance of building contracts, is to be ascertained with reference to the contract price and by deducting from that price such sum as ought to be allowed for the omissions and variations." Id., 286–87. In other words, the lien may be filed for the amount of the contract price less the amount that has been paid or credited without proof of the reasonable value of the work that remains unpaid.

Justice Wheeler, concurring in *M. J. Daly & Sons, Inc.*, explained that the rule sustained by the majority is an exception to the general rule of awarding the reasonable value of the services and materials furnished. Id., 298. "In the case of substantial performance of a contract, it is just that the contractor should get the benefit of his contract, and it is just that the contractee should not be obliged to simply pay the value of the work done, for [the contractor] may have made a good contract for himself." Id., 299 (*Wheeler, J.*, concurring).

In sum, in a foreclosure of a mechanic's lien, a contractor is entitled to the value of the materials that it furnished or the services that it rendered in the construction of the project. General Statutes § 49-33 (a). In the alternative, if it is found that the contractor substantially performed[5] the contract, the court may determine the amount of the mechanic's lien by deducting the sum representing the cost of completion from the balance due on the contract.

In the present case, the plaintiff did not offer to prove the reasonable value of the work done and materials furnished, relying instead on a calculation of damages determined by deducting the cost to complete the contract from the balance due on the contract. Additionally, although the court did

[5] "Substantial performance contemplates the performance of all items of a building contract except for minor details, those easily remedied by minor expenditures. . . . Whether a building contractor has met this standard is ordinarily a question of fact for the trier." (Citation omitted.) *Argentinis* v. *Gould*, 23 Conn. App. 9, 14, 579 A.2d 1078 (1990), rev'd in part on other grounds, 219 Conn. 151, 592 A.2d 378 (1991).

deduct from the contract price such sum as was required to complete the project in order to reach its judgment, there was no finding of substantial performance so as to allow the mechanic's lien to be based on the contract price. Without a finding that the plaintiff substantially had performed its contract, there can be no right to recover under the mechanic's lien statute with reference to the contract price.[6] The court improperly accepted this calculation without first making a finding of substantial performance.

## II

The defendants claim that the court improperly awarded the plaintiff attorney's fees. We agree with the defendants and reverse the court's award of attorney's fees.

When there is no contractual or statutory provision for attorney's fees, an award of attorney's fees is not permitted to the prevailing party. *Broadnax* v. *New Haven*, 270 Conn. 133, 178–79, 851 A.2d 1113 (2004) (explaining that Connecticut adheres to American rule, which requires litigants to pay their own attorney's fees absent contractual or statutory exception). The contract did not provide for attorney's fees. Because we have determined that the plaintiff improperly obtained judgment of foreclosure on the mechanic's lien, neither can those fees be supported by the mechanic's lien statute.[7]

## III

The defendants next claim that the court's decision to allow the plaintiff to amend its complaint after trial was an abuse of discretion because it was prejudicial to the defendants. We disagree.

---

[6] The plaintiff also argues that wrongful prevention of performance should allow it recovery under the mechanic's lien statute on the basis of the contract price. The court found that "the many changes requested by the defendants caused considerable delays and interruptions, and accordingly, any delay in completion experienced up to the time the plaintiff's contract was terminated cannot be attributable solely, if at all, to the plaintiff." The defendants have cited no case, and we are aware of none, that would permit a court to allow a party to recover on the basis of the contract price for wrongful prevention of performance under an action to foreclose a mechanic's lien.

[7] Had the plaintiff been permitted to foreclose on the mechanic's lien, it would have been allowed reasonable attorney's fees under the mechanic's

Our standard of review of this claim is well defined. "A trial court's ruling on a motion of a party to amend its complaint will be disturbed only on the showing of a clear abuse of discretion. . . . Whether to allow an amendment is a matter left to the sound discretion of the trial court. [An appellate] court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion." (Citation omitted; internal quotation marks omitted.) *Mastrolillo* v. *Danbury*, 61 Conn. App. 693, 696, 767 A.2d 1232 (2001). It is the burden of the defendants in this case to demonstrate that the trial court clearly abused its discretion. See id.

"A trial court may allow, in its discretion, an amendment to pleadings before, during, or after trial to conform to the proof." (Internal quotation marks omitted.) *Billy & Leo, LLC* v. *Michaelidis*, 87 Conn. App. 710, 714, 867 A.2d 119 (2005). "Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Citation omitted; internal quotation marks omitted.) *Mastrolillo* v. *Danbury*, supra, 61 Conn. App. 696. "The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the facts of the particular case." (Internal quotation marks omitted.) *Wassell* v. *Hamblin*, 196 Conn. 463, 466-67, 493 A.2d 870 (1985). Connecticut courts are liberal in allowing amendments. *Dunnett* v. *Thorton*, 73 Conn. 1, 10, 24 A. 158 (1900).

Here, the original complaint for foreclosure of the mechanic's lien followed from the contractual dealings of the parties. Contrary to the defendants' assertion that they were prejudiced because "at the time of trial [they] had no notice that their own purported breach of contract was a material issue," the fulfillment of contractual obligations of the parties constituted the primary focus of the trial. Indeed, the defendants

lien statute. General Statutes § 52-249 (a), which applies to an action for foreclosure of a lien, "mandates that the plaintiff in a foreclosure action

raised the issue of the quality of the plaintiff's workmanship in their answer. The court was within its discretion to conclude that the competing claims arising from the construction contract and the mechanic's lien were fully heard by the court and that the defendant was not prejudiced by the amendment adding a breach of contract claim.

We conclude that the court did not abuse its discretion by allowing the plaintiff to amend its complaint after trial.

The judgment with respect to the mechanic's lien is reversed and the judgment with respect to the attorney's fees is vacated. The remainder of the judgment with respect to the balance due on the contract is affirmed.

In this opinion the other judges concurred.

shall be allowed reasonable attorney's fees when there has been a hearing as to the form of judgment during the foreclosure action." (Internal quotation marks omitted.) *Russo Roofing, Inc.* v. *Rottman,* 86 Conn. App. 767, 776, 863 A.2d 713 (2005).