INTERCITY DEVELOPMENT, LLC *v.* JOAO
ANDRADE ET AL.
(SC 17848)
(SC 17849)

Rogers, C. J., and Palmer, Vertefeuille, Zarella and Schaller, Js.

Argued October 22, 2007—officially released March 25, 2008

*Robert E. Ghent,* for the appellant-appellee (plaintiff).

*David P. Friedman,* with whom, on the brief, was *Marcy Tench Stovall,* for the appellees-appellants (named defendant et al.).

*Opinion*

VERTEFEUILLE, J. This consolidated[1] appeal arises from an action for the foreclosure of a mechanic's lien brought by the plaintiff, Intercity Development, LLC, against the defendants,[2] Joao Andrade and Irene Andrade, in connection with a contract entered into

---

[1] The plaintiff appealed, and the defendants cross appealed, from the judgment of the Appellate Court. We granted both the plaintiff's petition for certification to appeal and the defendants' cross petition for certification to appeal. *Intercity Development, LLC* v. *Andrade,* 281 Conn. 918, 918 A.2d 270 (2007); *Intercity Development, LLC* v. *Andrade,* 281 Conn. 919, 918 A.2d 271 (2007).

[2] People's Bank and Eastern Water Development Company, Inc., also were named as defendants in the original action. Another party, Northeast Builders Supply and Home Centers, LLC, subsequently was granted permission to be added as a party defendant. These parties are not involved in this appeal. References herein to the defendants are to Joao Andrade and Irene Andrade only.

by the parties for the construction of a residence on property owned by the defendants in the town of Oxford. The certified issue in the plaintiff's appeal is whether the Appellate Court properly reversed the judgment for the plaintiff for foreclosure of its mechanic's lien and attorney's fees. *Intercity Development, LLC* v. *Andrade*, 281 Conn. 918, 918 A.2d 270 (2007). The certified issue in the defendants' appeal is whether the Appellate Court properly concluded that the trial court acted within its discretion in permitting the plaintiff to amend its complaint after trial.[3] *Intercity Development, LLC* v. *Andrade*, 281 Conn. 919, 918 A.2d 271 (2007). We reverse the judgment of the Appellate Court with respect to the plaintiff's appeal and affirm the judgment with respect to the defendants' appeal, with the result that the judgment of the trial court is affirmed in full.

The Appellate Court opinion sets forth the following relevant facts and procedural history. "On November 26, 2001, having reviewed the plans and specifications prepared for the defendants by an architectural firm, the plaintiff, through its president, Anthony Stewart, entered into a contract with the defendants for the construction of a residence on property owned by the defendants in Oxford for the agreed price of $240,000 payable in five payments of $48,000 each according to a schedule with respect to the work performed. According to the terms of the contract, construction was to be completed within 180 days of commencement. It did not provide for attorney's fees in case of default.

"Upon the commencement of work, the defendants requested many changes to the plans, causing considerable delays. The requested changes and the additional

---

[3] The plaintiff's amended complaint added claims for breach of contract and quantum meruit. The trial court found for the plaintiff on the breach of contract count, but found for the defendant on the quantum meruit count.

foundation work increased the cost of completing the contract to $264,441.50.

"On July 17, 2002, Stewart arrived on the job to find certain building supplies missing and to be met by police, who informed him that he was trespassing. Irene Andrade had called the police and directed a letter, through her attorney, terminating the construction contract. According to the letter, the basis for the termination was the plaintiff's failure to complete the construction within the 180 day period as set out in the contract. At the point of termination, the plaintiff claimed that it was owed the sum of $49,933.19 and filed a mechanic's lien for such sum. The plaintiff then brought this action to foreclose the mechanic's lien [and for damages for breach of contract]. . . .

"After a four day trial . . . [t]he court found that 'the allegations of the plaintiff's first and second counts of its [amended] complaint [mechanic's lien foreclosure and breach of contract, respectively, had] been established by the evidence and [the court] accept[ed] the plaintiff's [calculation] of damages as set out in the damages work sheet attached in the plaintiff's trial brief . . . .' The court . . . awarded damages to the plaintiff in the amount of $49,933.19, plus costs. The court thus found in favor of the plaintiff on both the claim to foreclose on the mechanic's lien and the claim for breach of contract. The court also stated that upon the plaintiff's filing of the appropriate motion, the court would entertain the foreclosure of the mechanic's lien. Thereafter, the plaintiff filed a motion for a judgment of strict foreclosure and a motion for attorney's fees pursuant to . . . General Statutes § 52-249 (a), both of which were heard by the court and granted. The court allowed the plaintiff attorney's fees in the amount of $27,225 pursuant to the provisions in the mechanic's lien statute." *Intercity Development, LLC* v. *Andrade*, 96 Conn. App. 608, 610–11, 901 A.2d 731 (2006).

The defendants appealed from the judgment of the trial court to the Appellate Court, claiming that the trial court improperly: "(1) allowed recovery on the mechanic's lien the plaintiff filed against the property in the absence of any finding regarding the value of services rendered or materials furnished in the construction of the defendants' home, (2) awarded the plaintiff attorney's fees and (3) permitted amendment of the plaintiff's complaint after trial." Id., 609. The Appellate Court concluded that the trial court improperly "allowed recovery on the mechanic's lien the plaintiff filed against the property in the absence of any finding regarding the value of services rendered or materials furnished in the construction of the defendants' home . . . [and] awarded the plaintiff attorney's fees . . . ." Id. The Appellate Court also concluded that the trial court had not abused its discretion in permitting the amendment of the plaintiff's complaint after trial. Id. This certified, consolidated appeal followed. Additional facts and procedural history will be set forth as necessary.

I

On appeal to this court, the plaintiff claims that the Appellate Court improperly ruled in favor of the defendants on the basis of an issue that had not been raised in the trial court. Specifically, the plaintiff asserts that the Appellate Court improperly concluded that the trial court improperly had rendered a judgment of foreclosure of the mechanic's lien in favor of the plaintiff because of the absence of a finding regarding the value of services rendered or materials furnished in the construction of the defendants' home, as allegedly required under General Statutes § 49-33 (a).[4] Thus, the plaintiff

---

[4] General Statutes § 49-33 (a) provides: "If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land, and the claim is by virtue of an agreement

contends, because the defendants did not challenge
the propriety of the method used by the trial court to
determine the amount secured by the mechanic's lien
in the trial court, the Appellate Court should not have
reviewed this claim, and, further, should not have
reversed the judgment of the trial court in favor of the
plaintiff. The defendants respond that they could not
have raised this issue regarding the amount secured by
the mechanic's lien in the trial court because "the claim
of error on the claim for foreclosure of the mechanic's
lien arose after trial." Specifically, the defendants main-
tain that they had no duty to anticipate at trial the error
that would occur in the trial court's written memoran-
dum of decision, which was filed approximately five
months after the end of the trial. We agree with the
plaintiff, and, accordingly, we reverse the judgment of
the Appellate Court.

In this state, a "mechanic's lien is a creature of statute
and gives a right of action which did not exist at com-
mon law. . . . The purpose of the mechanic's lien is
to give one who furnishes materials or services the
security of the building and land for the payment of his
claim by making such claim a lien thereon . . . . More-
over, [t]he guidelines for interpreting mechanic's lien
legislation are . . . well established. Although the
mechanic's lien statute creates a statutory right in dero-
gation of the common law . . . its provisions should
be liberally construed in order to implement its remedial
purpose of furnishing security for one who provides

---

with or by consent of the owner of the land upon which the building is
being erected or has been erected or has been moved, or by consent of the
owner of the lot being improved or by consent of the owner of the plot of
land being improved or subdivided, or of some person having authority from
or rightfully acting for the owner in procuring the labor or materials, the
building, with the land on which it stands or the lot or in the event that the
materials were furnished or services were rendered in the site development
or subdivision of any plot of land, then the plot of land, is subject to the
payment of the claim."

services or materials. . . . Our interpretation, however, may not depart from reasonable compliance with the specific terms of the statute under the guise of a liberal construction." (Citations omitted; internal quotation marks omitted.) *F. B. Mattson Co.* v. *Tarte*, 247 Conn. 234, 237, 719 A.2d 1158 (1998). "The interpretation of the language of § 49-33 is an issue of law . . . [which is] subject to de novo review." (Internal quotation marks omitted.) *Weber* v. *Pascarella Mason Street, LLC*, 103 Conn. App. 710, 715, 930 A.2d 779 (2007).

We begin our analysis with the language of the applicable statute, which provides: "If any person has a claim for more than ten dollars for *materials furnished or services rendered* in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land, and the claim is by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected or has been erected or has been moved, or by consent of the owner of the lot being improved or by consent of the owner of the plot of land being improved or subdivided, or of some person having authority from or rightfully acting for the owner in procuring the labor or materials, the building, with the land on which it stands or the lot or in the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then the plot of land, is subject to the payment of the claim." (Emphasis added.) General Statutes § 49-33 (a). The statute is "designed to furnish security for a contractor's labor and materials" and, as this court has noted previously, "is remedial in nature." *Rene Dry Wall Co.* v. *Strawberry Hill Associates*, 182 Conn. 568, 573, 438 A.2d 774 (1980). Prior precedent from this court concluded that the statute was not intended to provide a security interest for a builder's expectation of profit or

other contract measure of damages. See *Brin* v. *Mestite*, 89 Conn. 107, 110, 93 A. 4 (1915) (noting that predecessor provision to § 49-33 [General Statutes § 4135] secured claim for "material furnished" and "services rendered" but did not provide for lien to secure builder's "claim for material furnished and services . . . [and] did not afford him security for his loss of profit or damage suffered by his being prevented from completing the work").

"We have long recognized that [t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . . Practice Book § 60-5; see, e.g., *River Bend Associates, Inc.* v. *Conservation & Inland Wetlands Commission*, 269 Conn. 57, 82, 848 A.2d 395 (2004) ([o]nly in [the] most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court); *PSE Consulting, Inc.* v. *Frank Mercede & Sons, Inc.*, 267 Conn. 279, 335, 838 A.2d 135 (2004) (because review is limited to matters in record, court will not address issues not decided by trial court)." (Internal quotation marks omitted.) *State* v. *Rowe*, 279 Conn. 139, 149–50, 900 A.2d 1276 (2006); see *Gilbert* v. *Beaver Dam Assn. of Stratford, Inc.*, 85 Conn. App. 663, 680, 858 A.2d 860 (2004) ("[t]he theory upon which a case is tried in the trial court cannot be changed on review, and an issue not presented to or considered by the trial court cannot be raised for the first time on review" [internal quotation marks omitted]), cert. denied, 272 Conn. 912, 866 A.2d 1283 (2005).

In the present case, the trial court determined that the plaintiff had a valid claim for a mechanic's lien on the defendants' property, and awarded damages in the amount of $49,933.19 based on an analysis founded on the construction contract between the parties. The Appellate Court reversed the judgment of the trial court,

reasoning that the trial court had "improperly rendered a judgment of foreclosure on the mechanic's lien in favor of the plaintiff without there being any finding regarding the value of services rendered or materials furnished in the construction of the defendants' home," as is purportedly required under § 49-33 (a). *Intercity Development, LLC* v. *Andrade*, supra, 96 Conn. App. 611. The Appellate Court further found that the mechanic's lien could be based on the contract price only if the trial court found that the plaintiff substantially had performed the contract. Id., 612–14. The trial court in the present case made no such finding. The trial court calculated damages, as requested by the plaintiff, by deducting the cost to complete the contract from the balance due on the contract, as opposed to finding the reasonable value of the work performed and the materials furnished to the defendants' property. Id., 613. The Appellate Court reasoned that the judgment in favor of the plaintiff had to be reversed because the trial court had not made a finding regarding the reasonable value of the services rendered or materials furnished, which it found obligatory under § 49-33 (a). Id., 611–12.

The plaintiff claims that the defendants did not raise the issue of the proper calculation of the lien amount in the trial court, but instead did so for the first time on appeal in the Appellate Court. We agree. The record reveals that from the outset of this action to foreclose the mechanic's lien, the plaintiff relied on the construction contract to calculate the lien amount. First, paragraph five of the original complaint contains allegations with respect to the contract amount, the extra work done and the payments made. In subsequent paragraphs of that complaint, the plaintiff alleged an unpaid balance due under the contract, and secured by the mechanic's lien, of $162,000. Next, at trial, counsel for the defendants cross-examined a representative of the plaintiff, who testified that $162,000 was the amount of the

mechanic's lien. That inquiry confirmed that the plaintiff's claim was based on the contract amount, and not on the value of the work in place at the defendants' property.[5] Finally, in its posttrial brief, the plaintiff's claim for damages was set forth on a document captioned "Damages Work Sheet," which was attached to the brief. The plaintiff listed $161,117 as the balance due the plaintiff as of the date of termination of the contract. After the contract had been terminated, the defendants made payments to third parties for work performed on the house in the amount of $66,617.81, which decreased the amount owed under the contract to $94,499.19. The plaintiff then subtracted the cost to complete the project, which it calculated to be $44,566, from the amount owed; the difference of $49,933.19 constituted the amount the plaintiff claimed was due under the contract at the time of termination. The defendants' posttrial brief, filed one week later, did not challenge or dispute the plaintiff's calculation of the lien amount in any way. The trial court thereafter rendered judgment on the mechanic's lien count for $49,933.19, as requested by the plaintiff.

It is well established that claims that have not been properly raised at trial are not reviewable by this court. See *Simmons* v. *Simmons*, 244 Conn. 158, 187, 708 A.2d 949 (1998). As we repeatedly have observed, "[i]t is the function of the trial court, not this court, to find facts. . . . [T]o review [a] claim, which has been articulated for the first time on appeal and not before the trial

---

[5] "[The Plaintiff]: . . . [T]he $162,000 was what I was due for the balance of the entire contract. We came up with that number, that's what I was due on the entire contract.

"[The Defendants' Counsel]: That's what you were due under the entire contract?

"[The Plaintiff]: Correct.

"[The Defendants' Counsel]: That was not the value of the work that you had done up to that point in time?

"[The Plaintiff]: Correct."

court, would result in a trial by ambuscade of the trial judge." (Internal quotation marks omitted.) *Seymour* v. *Region One Board of Education*, 274 Conn. 92, 105, 874 A.2d 742, cert. denied, 546 U.S. 1016, 126 S. Ct. 659, 163 L. Ed. 2d 526 (2005); see Practice Book § 60-5 ("[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial"); *Santopietro* v. *New Haven*, 239 Conn. 207, 219–20, 682 A.2d 106 (1996) (court not required to consider claim not properly preserved in trial court). Because the defendants never contested the plaintiff's calculation of the lien amount at trial, the Appellate Court should have declined to review the defendants' claim of impropriety in the trial court's method of valuation of the lien.[6] We also reinstate the trial court's award of attorney's fees for the plaintiff in accordance with § 52-249 (a), which applies to an action for the foreclosure of a lien. That section provides as follows: "The plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining judgment of foreclosure, when there has been a hearing as to the form of judgment or the limitation of time for redemption, shall be allowed the same costs, including a reasonable attorney's fee, as if there had been a hearing on an issue of fact. The same costs and fees shall be recoverable as part of the judgment in any action upon a bond which has been substituted for a mechanic's lien." General Statutes § 52-249 (a). The Appellate Court previously had reversed the plaintiff's award of attorney's fees solely on the basis that the plaintiff improperly had obtained judgment of foreclosure on the mechanic's lien. *Intercity Development, LLC* v. *Andrade*, supra, 96 Conn. App. 614.

The defendants contend that their appeal of the trial court's judgment on the claim for foreclosure of the

---

[6] We express no opinion with regard to the correctness of the Appellate Court's interpretation of § 49-33 (a).

mechanic's lien was properly before the Appellate Court because the claim of error arose after trial. We disagree. As previously set forth herein, the plaintiff's method of calculating the lien amount was set forth in its complaint, in testimony at trial and in its posttrial brief. It therefore became the defendants' responsibility to "distinctly raise" its issue with regard to calculation of the lien amount in order to preserve the issue for appeal in accordance with Practice Book § 60-5. After the trial court's memorandum of decision was filed, the defendants could have filed a motion to reargue pursuant to Practice Book § 11-12 specifically detailing their dispute regarding the calculation of the mechanic's lien before the trial court. See *Opoku* v. *Grant*, 63 Conn. App. 686, 692, 778 A.2d 981 (2001) ("the purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked" [internal quotation marks omitted]); *Jaser* v. *Jaser*, 37 Conn. App. 194, 202–203, 655 A.2d 790 (1995) ("[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked . . . . A reconsideration implies reexamination and possibly a different decision by the [court] which initially decided it. . . . [A] reconsideration hearing involves consideration of the trial evidence in light of outside factors such as new law, a miscalculation or a misapplication of the law." [Citations omitted; internal quotation marks omitted.]).

## II

On appeal in this court, the defendants claim that the Appellate Court improperly affirmed the decision of the trial court granting the plaintiff's posttrial motion to amend its complaint to include claims for breach of contract. Specifically, the defendants assert that they were prejudiced by the trial court's decision on this

issue because, at the time of trial, they had no notice that their purported breach of contract was a material issue in the plaintiff's case, and, consequently, had no reason to raise appropriate defenses. We find this claim to be unavailing.

"Our standard of review of the [defendants'] claim is well settled. While our courts have been liberal in permitting amendments . . . this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . Whether to allow an amendment is a matter left to the sound discretion of the trial court. This court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. . . . It is the [defendants'] burden in this case to demonstrate that the trial court clearly abused its discretion." (Internal quotation marks omitted.) *Dow & Condon, Inc.* v. *Brookfield Development Corp.*, 266 Conn. 572, 583–84, 833 A.2d 908 (2003); see *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.*, 195 Conn. 60, 67, 485 A.2d 1296 (1985) ("[a] trial court has wide discretion in granting or denying amendments to the pleadings and rarely will this court overturn the decision of the trial court"); *McNeil* v. *Riccio*, 45 Conn. App. 466, 474, 696 A.2d 1050 (1997) ("[w]here a legitimate cause of action is available, but not raised in the original complaint, and allowing such claim in the proceedings will not unduly prejudice the opposing party, then allowing the amendment is not an abuse of the court's discretion").

In the present case, the mechanic's lien at issue and the action to foreclose the lien arose out of a dispute between the parties, that in turn, arose out of the contract for the construction of the defendants' house. As the Appellate Court observed, "the original complaint

for foreclosure of the mechanic's lien followed from the contractual dealings of the parties. Contrary to the defendants' assertion that they were prejudiced because 'at the time of trial [they] had no notice that their own purported breach of contract was a material issue,' the fulfillment of contractual obligations of the parties constituted the primary focus of the trial. Indeed, the defendants raised the issue of the quality of the plaintiff's workmanship in their answer. The court was within its discretion to conclude that the competing claims arising from the construction contract and the mechanic's lien were fully heard by the court and that the defendant was not prejudiced by the amendment adding a breach of contract claim." *Intercity Development, LLC* v. *Andrade*, supra, 96 Conn. App. 615–16. We agree with the Appellate Court. We therefore cannot conclude that the trial court clearly abused its discretion by allowing the plaintiff to amend its complaint after trial.

The judgment of the Appellate Court is reversed in part and the case is remanded to that court with direction to affirm the judgment of the trial court.

In this opinion the other justices concurred.