## ZBIGNIEW S. ROZBICKI *v.* STATEWIDE GRIEVANCE COMMITTEE
### (AC 29290)

Gruendel, Beach and Hennessy, Js.

Argued September 24—officially released November 18, 2008

*Zbigniew S. Rozbicki,* pro se, the appellant (plaintiff).

*Mark A. Dubois,* chief disciplinary counsel, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Zbigniew S. Rozbicki, appeals from the judgment of the trial court dismissing his appeal from the reprimand issued to him by the defendant, the statewide grievance committee (committee). The committee affirmed the decision of its reviewing committee, reprimanding the plaintiff for a violation of rule 3.1 of the Rules of Professional Conduct (2005).[1] On appeal to this court, the plaintiff claims that the court improperly concluded that there was clear

---

[1] Rule 3.1 of the Rules of Professional Conduct (2005) states: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established."

and convincing evidence that he violated rule 3.1.[2] We affirm the judgment of the trial court.

The following facts are relevant to the plaintiff's appeal. The plaintiff was retained to represent a man whose former wife had filed several motions alleging violations of the court's orders stemming from the dissolution of their marriage. The wife was represented in the dissolution action by an attorney to whom she is presently married and whose firm continued to represent her.

The plaintiff, on his client's behalf, filed postdissolution motions to disqualify the firm representing the wife and for a continuance.[3] Both motions contain allegations that the wife's attorney in the dissolution action, who was married to another woman, and the wife were having an "illicit and extramarital relationship." The plaintiff further alleged that a child had been illegitimately conceived from this relationship, which later led to marriage. The wife's attorney served a request for a retraction on the plaintiff to alert him of inaccuracies in the motion, including the date he married his new wife, along with the birth date of the alleged illegitimate

---

[2] The plaintiff also claims that the court improperly failed in its duty to apply relevant family relations statutes and law that deprived him of due process of law. We decline to review this claim, however, because it is briefed inadequately. "[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failing to brief the issue properly. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Citation omitted; internal quotation marks omitted.) *Turner* v. *American Car Rental, Inc.*, 92 Conn. App. 123, 130–31, 884 A.2d 7 (2005). The plaintiff has cited no family relations statutes or cases that he alleges the court had a duty to apply in this case. Further, the plaintiff has provided only a cursory analysis in support of this contention. We therefore decline to review this claim.

[3] The basis stated in the motion to disqualify was that the plaintiff intended to call the wife's attorney and his law partner as witnesses in the hearings on the postjudgment motions.

child. Additionally, the wife's attorney filed two grievances against the plaintiff. After a hearing, a reviewing committee of the statewide grievance committee found the plaintiff to have violated rule 3.1 of the Rules of Professional Conduct and imposed a reprimand. The reviewing committee wrote in its decision that even though there was a basis for filing the motions, the inclusion of the allegations of a sexual affair and describing the couple's child as illegitimate were unnecessary to the merits of the motions, and, due to the nature of the allegations, the committee inferred that the allegations were made only to embarrass, harass or maliciously injure those involved and were therefore frivolous. The plaintiff appealed to the Superior Court, which dismissed the appeal. The plaintiff then appealed to this court.

"Our court recently has clarified the appropriate appellate standard of review for cases involving attorney grievance appeals. In *Brunswick* v. *Statewide Grievance Committee*, 103 Conn. App. 601, 931 A.2d 319, cert. denied, 284 Conn. 929, 934 A.2d 244 (2007), this court, after thorough analysis, determined that the clearly erroneous standard . . . is the preferable standard of review in attorney grievance appeals." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Johnson*, 108 Conn. App. 74, 79, 946 A.2d 1256, cert. denied, 288 Conn. 915, 954 A.2d 187 (2008).

Rule 3.1 of the Rules of Professional Conduct (2005) requires in relevant part that attorneys "shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous . . . ." "In *Texaco, Inc.* v. *Golart*, 206 Conn. 454, 538 A.2d 1017 (1988), our Supreme Court adopted the test for frivolousness set forth in the comment to rule 3.1. Accordingly, a claim or defense is frivolous (a) if maintained primarily for the purpose of harassing

or maliciously injuring a person . . . . In *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 255, 828 A.2d 64 (2003), the court indicated that the test is an objective one." (Internal quotation marks omitted.) *Brunswick* v. *Statewide Grievance Committee*, supra, 103 Conn. App. 614–15.

Our examination of the record and briefs in light of the case law persuades us that the court's judgment should be affirmed. Because the court's memorandum of decision fully addresses the arguments raised in the present appeal and because the court considered this case under the clarified standard set forth in *Brunswick* v. *Statewide Grievance Committee*, supra, 103 Conn. App. 601, we hold that the findings of the court were proper.

The judgment is affirmed.