******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

CHIEF DISCIPLINARY COUNSEL *v.*
ZBIGNIEW S. ROZBICKI
(SC 19796)

Rogers, C. J., and Palmer, Eveleigh, McDonald,
Robinson, D'Auria and Vertefeuille, Js.

*Syllabus*

The defendant, against whom a presentment action was filed by the plaintiff,
Chief Disciplinary Counsel, appealed from the judgment of the trial
court suspending him from the practice of law for four years. The court
found, inter alia, that he had violated the Rules of Professional Conduct
by accusing two Superior Court judges of bias, prejudice, and partiality
during certain previous civil proceedings. On appeal, the defendant
claimed that the trial court deprived him of his constitutional right to due
process by admitting evidence regarding his prior disciplinary record, the
allegations set forth in the presentment complaint were barred by the
doctrines of res judicata and collateral estoppel, the plaintiff had failed
to prove professional misconduct by clear and convincing evidence, and
the trial court had abused its discretion by suspending him for a period
of four years. *Held*:

1. The defendant could not prevail on his unpreserved claim that the trial
   court deprived him of his constitutional right to due process by allowing
   the plaintiff to admit evidence of his prior professional misconduct
   without adequate notice; the defendant failed to demonstrate a due
   process violation that deprived him of a fair trial, as required under
   *State* v. *Golding* (213 Conn. 233), as the Statewide Grievance Commit-
   tee's express consideration of his disciplinary record in directing the
   plaintiff to file a presentment action provided ample notice that evidence
   regarding his prior professional misconduct could be raised during the
   presentment proceeding.

2. The defendant could not prevail on his claim that the doctrines of res
   judicata and collateral estoppel barred the allegations of professional
   misconduct set forth in the presentment complaint; this court concluded
   that, because the judges presiding over the previous proceedings
   declined to exercise jurisdiction, the question of whether the defendant's
   actions violated the Rules of Professional Conduct had not been litigated,
   and, therefore, the allegations set forth in the presentment complaint
   were not barred.

3. The trial court's findings that the defendant had violated the Rules of
   Professional Conduct were supported by clear and convincing evidence;
   the trial court's findings and conclusions were supported by ample
   evidence in the record demonstrating that the defendant had made
   countless motions and arguments impugning the judges for no apparent
   reason beyond the fact that the judges had ruled in opposition to him.

4. The trial court did not abuse its discretion by ordering that the defendant
   be suspended from the practice of law for a period of four years; the
   trial court had properly considered various aggravating and mitigating
   factors in determining the appropriate sanction for the defendant's pro-
   fessional misconduct and, therefore, had acted within the broad discre-
   tion afforded to the Superior Court in the context of attorney
   grievance proceedings.

Argued May 2—officially released September 5, 2017

*Procedural History*

Presentment by the plaintiff for alleged professional
misconduct by the defendant, brought to the Superior
Court in the judicial district of Litchfield and transferred
to the judicial district of Hartford, where the court,
*Robaina, J.*, denied the defendant's motion to dismiss;
thereafter the matter was tried to the court, *Robaina, J.*;
judgment suspending the defendant from the practice of

law for four years, from which the defendant appealed. *Affirmed.*

*Zbigniew S. Rozbicki*, self-represented, the appellant (defendant).

*Leanne M. Larson*, assistant chief disciplinary counsel, for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The defendant, Zbigniew S. Rozbicki, an Attorney, appeals[1] from the judgment of the trial court, rendered following presentment by the plaintiff, Chief Disciplinary Counsel, concluding that he had violated rules 3.1, 8.2 (a), and 8.4 (4) of the Rules of Professional Conduct[2] and suspending him from the practice of law for a period of four years. In challenging the trial court's judgment, the defendant raises a multitude of claims, including the following: (1) that the trial court violated his constitutional right to due process; (2) that the allegations in the presentment were barred under the doctrines of res judicata and collateral estoppel; (3) that the plaintiff failed to prove professional misconduct by clear and convincing evidence; and (4) that the trial court abused its discretion in imposing a four year suspension without considering certain factors set forth in the American Bar Association's Standards for Imposing Lawyer Sanctions (standards). We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. The grievance arises from the defendant's accusations of judicial bias, prejudice, and partiality against two judges of the Superior Court, namely, Judge Vincent E. Roche and Judge John A. Danaher. The accusations were made in various motions, memoranda, and oral argument submitted and presented by the defendant throughout extensive litigation relating to his position as an executor of the estate of Kathleen Gisselbrecht (decedent).[3] The defendant filed several actions against members of the decedent's family, two of which are most relevant to the present appeal.

In the first case, the defendant appealed from a decision of the Probate Court regarding his final accounting as executor of the estate. See *Rozbicki* v. *Gisselbrecht*, Superior Court, judicial district of Litchfield, Docket No. CV-10-5007246-S (February 10, 2014). In that case, the defendant filed a motion to stay certain orders pending resolution of a separate but related matter. That motion was denied by Judge Roche. In response, the defendant filed a motion to disqualify Judge Roche, accusing him of failing "to adhere to basic principles of judicial impartiality . . . ." In an affidavit filed in support of that motion, the defendant averred that Judge Roche's ruling indicated "a transformation of a judge who has a duty to be impartial, to a judge who appears to be an advocate . . . ."[4] The defendant subsequently moved to disqualify Attorney J. Michael Sconyers, who represented certain members of the decedent's family. Judge Danaher denied that motion. In response, the defendant moved to disqualify Judge Danaher, claiming partiality, bias, and prejudice. Judge Danaher also denied that motion.

In the second case, the defendant alleged that the

successor executor of the decedent's estate improperly denied a $20,000 claim in connection with a loan that the defendant had allegedly made to the decedent. See *Rozbicki* v. *Gisselbrecht*, Superior Court, judicial district of Litchfield, Docket No. CV-10-6001830-S (December 19, 2011). In that case, the defendant filed another motion to disqualify Attorney Sconyers, which Judge Danaher denied. The defendant thereafter made an oral motion to disqualify Judge Danaher, which was also denied. The defendant subsequently filed a written motion to disqualify Judge Danaher, claiming "bias, prejudice, and partiality . . . ." Judge Danaher later denied this motion in a detailed memorandum of decision.

On December 19, 2011, Judge Roche granted the executor's motion for summary judgment regarding the defendant's claims for fees and payment of the $20,000 loan. See *Rozbicki* v. *Gisselbrecht*, supra, Superior Court, Docket No. CV-10-6001830-S. The defendant subsequently moved to reargue a previous decision by Judge Danaher denying, inter alia, a motion for an order of compliance in connection with a dispute regarding a deposition. In his motion to reargue, the defendant claimed that Judge Danaher's decision (1) was "ridden with indications of a bias and prejudice . . . so blatant and beyond the parameters of judicial authority and responsibility that the decision cannot legally or ethically be sanctioned," (2) demonstrated "abuse of judicial power to prejudge matters and cases not before the court and raises substantial issues of impropriety and partiality," (3) "manifested a bias and prejudice to the [defendant] and harassment [that] violated [his] constitutional right of access to the courts and [to] a fair trial," (4) brought the "judiciary into disrepute," and (5) indicated an intent "to affect and impair the outcome of other pending cases . . . ."

The defendant then filed an objection to a motion for an order regarding certain deposition costs filed by opposing counsel. In that objection, the defendant accused Judge Danaher of bias, prejudice, judicial impropriety, abuse of judicial authority, and judicial misconduct. The defendant subsequently moved to reargue Judge Roche's decision granting summary judgment. In that motion to reargue, the defendant again accused Judge Danaher of acting extrajudicially and in a biased manner. Thereafter, the defendant filed a motion to "vacate [an] extrajudicial order," accusing Judge Danaher of becoming an advocate for the opposing party, evoking profound bias and prejudice, failing to uphold and apply the law, failing to be fair and impartial, and taking a personal interest in the proceedings.

In response to these serious and repetitive accusations against Judges Roche and Danaher, Attorney Sconyers filed a grievance against the defendant with the Statewide Grievance Committee on January 11, 2012.

After a hearing, the Litchfield Judicial District Grievance Panel determined that there was probable cause to believe that the defendant had violated the Rules of Professional Conduct. The matter was presented to the Statewide Grievance Committee at a hearing on February 5, 2013, during which the defendant, represented by counsel, testified. Thirty-seven exhibits were admitted during that proceeding, and both the defendant and the plaintiff filed a posthearing brief.

On July 26, 2013, the Statewide Grievance Committee found, by clear and convincing evidence, that the defendant's "improper, baseless accusations" against Judges Roche and Danaher violated rules 3.1, 8.2 (a), and 8.4 (4) of the Rules of Professional Conduct. The Statewide Grievance Committee directed the plaintiff to file a presentment against the defendant including the violations of those rules, and to seek the imposition of any sanction the court deemed appropriate.

In the presentment complaint, the plaintiff accused the defendant of violating rules 3.1, 8.2 (a), and 8.4 (4) of the Rules of Professional Conduct by making "baseless accusations" against Judges Roche and Danaher. The plaintiff cited the defendant's history of professional discipline, including his presentment in two cases in 1987, which resulted in a three month suspension from the practice of law in 1992, a reprimand in 2006, and his presentment in two cases in 2011, which resulted in a two year suspension from the practice of law.

Presentment proceedings were held before the trial court.[5] In a memorandum of decision dated June 16, 2015, the trial court found, by clear and convincing evidence, that the defendant had violated rules 3.1, 8.2 (a), and 8.4 (4) of the Rules of Professional Conduct. The trial court relied on *Ansell* v. *Statewide Grievance Committee*, 87 Conn. App. 376, 384, 865 A.2d 1215 (2005), in rejecting the defendant's defenses of collateral estoppel and res judicata, which were based on the argument that, because the conduct underlying the presentment allegations occurred in the presence of Judges Roche and Danaher, and those courts declined to take further action, despite the authority to do so, the defendant was absolved of any unethical conduct. Similarly, the trial court relied on *Chief Disciplinary Counsel* v. *Rozbicki*, 150 Conn. App. 472, 91 A.3d 932, cert. denied, 314 Conn. 931, 102 A.3d 83 (2014), in rejecting the defendant's argument that the plaintiff lacked standing to bring the presentment.

Specifically, the trial court found, by clear and convincing evidence, that the defendant's accusations against Judges Roche and Danaher lacked good faith and, thus, violated rule 3.1 of the Rules of Professional Conduct. Likewise, the trial court found, by clear and convincing evidence, that the defendant lacked "a good faith basis" for making statements in support of his

various motions for disqualification and other pleadings that attacked the integrity of the court and had, therefore, violated rule 8.2 of the Rules of Professional Conduct. Finally, the trial court found, by clear and convincing evidence, that the defendant had violated rule 8.4 (4) of the Rules of Professional Conduct on the basis of his "relentless and repetitive attack on the integrity of the court . . . [which] appear[ed] to be personal." Having determined that the defendant had violated the Rules of Professional Conduct, the trial court turned to the standards promulgated by the American Bar Association to determine the appropriate sanction. After considering these standards, the trial court suspended the defendant from the practice of law for four years. This appeal followed. See footnote 1 of this opinion.

On appeal, the defendant has asserted, inter alia, the following four claims: (1) that the trial court violated his right to due process by allowing the plaintiff to admit extrinsic and irrelevant evidence regarding his previous disciplinary record; (2) that the allegations against him were barred under the doctrines of res judicata and collateral estoppel because Judges Roche and Danaher failed to act pursuant to rule 2.15 of the Code of Judicial Conduct;[6] (3) that the plaintiff failed to establish, by clear and convincing evidence, that he violated the Rules of Professional Conduct; and (4) that the trial court abused its discretion by suspending him from the practice of law for four years.[7] We address each of these claims in turn. Additional relevant facts and procedural history will be set forth as necessary.

I

The defendant first claims that the trial court deprived him of his right to due process[8] by allowing the plaintiff to admit extrinsic and irrelevant evidence on issues beyond those presented to the Statewide Grievance Committee. Specifically, the defendant contends that the presentment complaint did not provide adequate notice of the specific factual charges against him, namely, his prior professional misconduct. In response, the plaintiff contends that a presentment proceeding is a trial de novo, and, as such, the trial court is not bound by the findings of the Statewide Grievance Committee. Additionally, the plaintiff argues that, because presentment proceedings are not a criminal or civil trial, the complaint need not be as precise as one expected in criminal or civil complaints, and that, therefore, the trial court has greater discretion to consider any evidence received at the presentment proceeding in order to determine an appropriate sanction. For the reasons which follow, we conclude that the defendant is unable to prevail on his due process claim.

"It is well settled that [o]ur case law and rules of practice generally limit [an appellate] court's review to issues that are distinctly raised at trial. . . . [O]nly in

[the] most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court. . . . The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial— after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Citations omitted; internal quotation marks omitted.) *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 142, 84 A.3d 840 (2014). However, it also is well settled that a defendant may prevail on an unpreserved claim when: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Footnote omitted.) *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989); see *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015) (modifying third prong of *Golding*).

In reviewing the defendant's due process claim under *Golding*,[9] we begin by noting that his brief specifically argues the following: "[The plaintiff] devoted thirty-one paragraphs [of the presentment complaint] to a history of allegations relating to a previous grievance. None of the thirty-one paragraphs [was] part of the Statewide Grievance Committee's findings, the local panel's findings, or the reasons for [Attorney] Sconyers' grievance." The defendant then notes that, notwithstanding his objection, the trial court allowed evidence supporting the allegations in the complaint to be presented. The defendant then claims the following: "[The plaintiff] specifically narrowed the issues in the presentment, on the record, when the [defendant] raised his objection to [the plaintiff's] attempt to admit extrinsic, irrelevant and prejudicial evidence during the proceedings. The issues were narrowed to the same issues directed by the Statewide Grievance Committee to be included in the presentment." Finally, the defendant claims that "[t]he inclusion of the expanded broad factual allegations, beyond the narrow issues limited in the presentment, would not have provided the appellant with adequate notice of the specific factual charges, which the trial court considered for the first time in its decision."

In his brief discussion of this claim, it does not appear that the defendant identified or alluded to any way in which the trial court's consideration of evidence regarding his prior misconduct deprived him of a fair trial. The decision of the Statewide Grievance Committee expressly referenced the defendant's previous professional misconduct. Specifically, in concluding that the

defendant's conduct warranted a presentment, that decision listed the following aggravating factors: "prior disciplinary history, a pattern of misconduct, multiple offenses and a refusal to acknowledge the wrongful nature of the conduct." In addition, the decision noted that "the [defendant] is currently serving a two year suspension as a result of a [prior] disciplinary order . . . ." Thus, the defendant was provided with ample notice that his previous misconduct could be raised at the presentment proceeding. Consequently, we conclude that the defendant has failed to demonstrate a due process violation that deprived him of a fair trial as required under the third prong of *Golding* and, therefore, cannot prevail on his unpreserved claim.

## II

We next address the defendant's claim that, because his alleged misconduct occurred before two different judges who chose not to take action against him pursuant to rule 2.15 of the Code of Judicial Conduct; see footnote 6 of this opinion; he was absolved of any unethical conduct. As a result, the defendant contends that the doctrines of res judicata[10] and collateral estoppel[11] precluded the trial court from considering his alleged misconduct in the present case. In response, the plaintiff contends that, when a violation of the Rules of Professional Conduct occurs before a judge of the Superior Court, an attorney is not automatically absolved of unethical conduct by that judge's subsequent inaction. The plaintiff further argues that a judge's decision not to refer an attorney to disciplinary authorities does not preclude subsequent institution of the disciplinary process. Finally, the plaintiff contends that the principles of res judicata and collateral estoppel do not apply to cases in which a judge has not referred a possible disciplinary issue to the Statewide Grievance Committee. We agree with the plaintiff and conclude that the doctrines of res judicata and collateral estoppel do not bar the allegations of professional misconduct in the present case.

In reviewing this claim, we note that the Appellate Court previously considered this issue in *Ansell* v. *Statewide Grievance Committee*, supra, 87 Conn. App. 376. In that case, the attorney claimed that the failure of judges to reprimand her in response to certain in court conduct constituted clear and convincing evidence of a determination that no misconduct had occurred. Id., 383–84. In addressing this argument, the Appellate Court distinguished the Superior Court, which has "inherent authority to regulate attorney conduct," from grievance panels and reviewing committees, which are authorized "to investigate allegations of attorney misconduct and to make determinations of probable cause." (Internal quotation marks omitted.) Id., 384. Citing Practice Book § 2-45, the Appellate Court explained that "[w]hen the misconduct occurs in the

actual presence of the court, the [Statewide Grievance Committee] shall defer . . . *if the court chooses to exercise its jurisdiction.*" (Emphasis in original; internal quotation marks omitted.) Id. Accordingly, the Appellate Court concluded that "the courts chose not to exercise their disciplinary power, and the [Statewide Grievance Committee], exercising the power delegated to it, properly undertook to investigate and to evaluate the alleged misconduct." Id., 385. Although we are not bound by rulings of the Appellate Court, we are persuaded by its analysis of this issue. See *Commission on Human Rights & Opportunities ex rel. Arnold* v. *Forvil*, 302 Conn. 263, 271, 25 A.3d 632 (2011). Accordingly, we disagree with the defendant's claim that the silence of Judges Roche and Danaher in the wake of the defendant's actions must be interpreted in a manner that absolves the defendant of any professional misconduct. Thus, because no judicial authority has previously ruled on the question of whether the defendant's actions violated the Rules of Professional Conduct, the doctrines of res judicata and collateral estoppel do not apply. Put another way, in concluding that the defendant's conduct violated the Rules of Professional Conduct, the trial court in the present case did not consider issues previously litigated and decided. Accordingly, we conclude that those doctrines do not bar the allegations of misconduct made against the defendant.

### III

We next address the defendant's claim that the trial court improperly found that the plaintiff presented clear and convincing evidence of violations of rules 3.1, 8.2 (a), and 8.4 (4) of the Rules of Professional Conduct. The defendant contends that (1) his various motions and memoranda regarding Judges Roche and Danaher contained no abusive comments or accusations criticizing their abilities or competency, (2) Judge Danaher accused him of lying, which "created an atmosphere of discord" that called for disqualification, and (3) his allegations against Judges Roche and Danaher were made on a good faith belief of bias and prejudice. In response, the plaintiff argues that clear and convincing evidence of the defendant's professional misconduct was introduced through both documents and testimony. We agree with the plaintiff and conclude that the trial court's findings of misconduct are supported by clear and convincing evidence.

The standard of review of a trial court's judgment in the context of attorney grievance proceedings is well settled. "The trial court conducts the presentment hearing de novo. . . . In determining whether the evidence on the record supports the trial court's conclusion, our scope of review is of a limited nature. . . . All of our cases agree that the trial court has . . . wide discretion . . . . [A] reviewing court must defer to the discretion of the fact finder, whether it be the trial court or the

committee, because the fact finder is in the best position to evaluate the evidence and the demeanor of the parties. . . . [E]very reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Judicial discretion is always a legal discretion. Its abuse will not be interfered with on appeal to this court except in a case of manifest abuse and where injustice appears to have been done." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Statewide Grievance Committee* v. *Egbarin*, 61 Conn. App. 445, 458–59, 767 A.2d 732, cert. denied, 255 Conn. 949, 769 A.2d 64 (2001).

In order to impose sanctions, the trial court must find that an attorney has violated the Rules of Professional Conduct by clear and convincing evidence. *Shelton* v. *Statewide Grievance Committee*, 277 Conn. 99, 109–10, 890 A.2d 104 (2006). "Clear and convincing proof is a demanding standard denot[ing] a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." (Internal quotation marks omitted.) Id., 110. We review each of the trial court's findings of misconduct in turn.

Rule 3.1 of the Rules of Professional Conduct provides in relevant part: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. . . ." The commentary to this rule clarifies what is considered to be a frivolous action, providing that an "action is frivolous . . . if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law. . . ." Rules of Professional Conduct 3.1, commentary; see also, e.g., *Rozbicki* v. *Statewide Grievance Committee*, 111 Conn. App. 239, 240–41, 958 A.2d 812 (2008) (frivolously filing motion to disqualify opposing counsel by citing his sexual affair with client and describing couple's child as illegitimate violated rule 3.1), cert. denied, 290 Conn. 908, 964 A.2d 544 (2009); *Brunswick* v. *Statewide Grievance Committee*, 103 Conn. App. 601, 614–18, 931 A.2d 319 (alleging partiality of arbitrators without any support violated rule 3.1), cert. denied, 284 Conn. 929, 934 A.2d 244 (2007).

In the present case, as to rule 3.1 of the Rules of Professional Conduct, the trial court found that the

defendant's actions amounted to frivolous, baseless accusations against Judges Roche and Danaher and that these assertions were not made in good faith. The trial court found that there was clear and convincing evidence demonstrating that the defendant "repeatedly impugned the integrity" of Judges Roche and Danaher and "made a significant number of allegations as to judicial misconduct, judicial bias, judicial prejudice, and judicial self-interest." In examining these accusations, the trial court found that the defendant offered no good faith basis for them, and that his allegations were meritless and without support. The trial court noted that many of the defendant's pleadings were filed shortly after an adverse ruling or decision. Ultimately, the trial court concluded that "[t]he sweeping, unfounded and oft repeated accusations alleging judicial misconduct, judicial bias, judicial prejudice, judicial harassment are found by clear and convincing evidence to be lacking in good faith and, as such, violated rule 3.1 . . . ."

Rule 8.2 (a) of the Rules of Professional Conduct provides in relevant part: "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge . . . ." See also, e.g., *Notopoulos* v. *Statewide Grievance Committee*, 277 Conn. 218, 228–31, 890 A.2d 509 (accusing judge of extorting money, resorting to threats, and lining pockets with client's funds without factual support violated rule 8.2 [a]), cert. denied, 549 U.S. 823, 127 S. Ct. 157, 166 L. Ed. 2d 39 (2006); *Burton* v. *Mottolese*, 267 Conn. 1, 51–52, 835 A.2d 998 (2003) (conclusory and unsubstantiated allegations of trial court's gender bias violated rule 8.2 [a]), cert. denied, 541 U.S. 1073, 124 S. Ct. 2422, 158 L. Ed. 2d 983 (2004).

In the present case, as to rule 8.2 (a) of the Rules of Professional Conduct, the trial court found, by clear and convincing evidence, that the defendant's lack of a good faith basis for his statements impugning the integrity of Judges Roche and Danaher constituted misconduct. The trial court clarified that the basis for this violation "is not the fact that the motions [were] made or that they [were] repeated. Instead it is the unsupported, baseless allegations of judicial impropriety which make [the defendant's conduct] improper." See also, e.g., *Disciplinary Counsel* v. *Serafinowicz*, 160 Conn. App. 92, 95–97, 123 A.3d 1279 (attorney's disparaging remarks about judge to press accusing him of bias violated rule 8.2 [a]), cert. denied, 319 Conn. 953, 125 A.3d 531 (2015).

Finally, rule 8.4 of the Rules of Professional Conduct provides in relevant part: "It is professional misconduct for a lawyer to . . . (4) [e]ngage in conduct that is prejudicial to the administration of justice . . . ." The commentary to this rule provides that "[a] pattern of repeated offenses, even ones of minor significance

when considered separately, can indicate indifference to legal obligation." Rules of Professional Conduct 8.4, commentary; see also, e.g., *Statewide Grievance Committee* v. *Burton*, 299 Conn. 405, 409–15, 10 A.3d 507 (2011) (submitting letters to Chief Justice accusing Superior Court judges of judicial corruption with no factual support violated rule 8.4 [4]); *Notopoulos* v. *Statewide Grievance Committee*, supra, 277 Conn. 236–37 (making disparaging, baseless remarks against judge violated rule 8.4 [4]); *Disciplinary Counsel* v. *Serafinowicz*, supra, 160 Conn. App. 92–97 (attorney's disparaging remarks to press accusing judge of bias violated rule 8.4 [4]).

In the present case, as to rule 8.4 (4) of the Rules of Professional Conduct, the trial court found, by clear and convincing evidence, that the defendant's relentless and repetitive attacks on the integrity of Judges Roche and Danaher constituted a violation of this rule. The trial court considered the findings made by the court in the defendant's prior disciplinary matter as part of a pattern of repeated offenses. Ultimately, the trial court found "that throughout each of the [actions] that were brought, the prosecutions, the appeals, [the] numerous frivolous and baseless repetitive motions for disqualification of both [opposing] counsel and [judges], the pattern of accusations of wrongdoing, of misconduct, of bias, of accusing others of harassing him, and of unethical conduct have prejudiced the administration of justice."

After reviewing the record in the present case, we conclude that ample evidence exists supporting the trial court's findings and conclusions. The record contains countless motions, memoranda, and arguments made by the defendant disparaging Judges Roche and Danaher for no apparent reason beyond the fact that those judges ruled in opposition to him. Not only did the defendant call into question the impartiality of Judges Roche and Danaher, but he also called into question their competency as judges and questioned the integrity of the Judicial Branch. See, e.g., *Notopoulos* v. *Statewide Grievance Committee*, supra, 277 Conn. 236–37. We conclude that the trial court's factual findings and conclusions are supported by clear and convincing evidence and, therefore, we decline to disturb them on appeal.

## IV

We next address the defendant's claim that the trial court abused its discretion by suspending him from the practice of law for four years. Specifically, the defendant contends that the plaintiff presented no evidence of his prior disciplinary history other than unsworn, erroneous claims. The defendant also claims that the plaintiff presented no evidence that his offenses were frequent. Finally, the defendant claims that the trial court ignored certain mitigating factors described in

standards promulgated by the American Bar Association. In response, the plaintiff contends that the trial court properly considered the standards in determining the appropriate sanction for the defendant's misconduct. The plaintiff also contends that the defendant himself testified about his prior misconduct, which the trial court properly considered in determining the appropriate sanction. Finally, the plaintiff argues that the trial court acted well within the bounds of its discretion in suspending the defendant from the practice of law for four years. We agree with the plaintiff.

"The trial court possesses inherent judicial power, derived from judicial responsibility for the administration of justice, to exercise sound discretion to determine what sanction to impose in light of the entire record before it. . . . It is well established that in sanctioning an attorney for violations of the Rules of Professional Conduct, courts are, as they should be, left free to act as may in each case seem best in this matter of most important concern to them and to the administration of justice. . . . Whether this court would have imposed a different sanction is not relevant. Rather, we must determine whether the trial court abused its discretion in determining the nature of the sanction. . . . We may reverse the court's decision [in sanctioning an attorney] only if that decision was unreasonable, unconscionable or arbitrary, and was made without proper consideration of the facts and law pertaining to the matter submitted." (Citations omitted; internal quotation marks omitted.) *Statewide Grievance Committee* v. *Egbarin*, supra, 61 Conn. App. 459–60.

As this court has previously noted, the standards, which were promulgated by the American Bar Association, "provide that, after a finding of misconduct, a court should consider: (1) the nature of the duty violated; (2) the attorney's mental state; (3) the potential or actual injury stemming from the attorney's misconduct; and (4) the existence of aggravating or mitigating factors. . . . The [s]tandards list the following as aggravating factors: (a) prior disciplinary offenses; (b) dishonest or selfish motive; (c) a pattern of misconduct; (d) multiple offenses; (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency; (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process; (g) refusal to acknowledge wrongful nature of conduct; (h) vulnerability of victim; (i) substantial experience in the practice of law; [and] (j) indifference to making restitution. . . . The [s]tandards list the following as mitigating factors: (a) absence of a prior disciplinary record; (b) absence of a dishonest or selfish motive; (c) personal or emotional problems; (d) timely good faith effort to make restitution or to rectify consequences of misconduct; (e) full and free disclosure to disciplinary board or cooperative

attitude toward proceedings; (f) inexperience in the practice of law; (g) character or reputation; (h) physical or mental disability or impairment; (i) delay in disciplinary proceedings; (j) interim rehabilitation; (k) imposition of other penalties or sanctions; (*l*) remorse; [and] (m) remoteness of prior offenses." (Internal quotation marks omitted.) *Burton* v. *Mottolese*, supra, 267 Conn. 55–56; see also American Bar Association, Standards for Imposing Lawyer Sanctions (1986) Standards 3.0, 9.22, and 9.32.

The memorandum of decision demonstrates that the trial court considered the various standards, including the relevant aggravating and mitigating factors, in arriving at its final determination of an appropriate sanction for the defendant's misconduct. In its decision, the trial court determined that the defendant's offenses were aggravated by the following factors: (1) the nature and repetition of the misconduct, as evidenced by the various motions, memoranda, and oral arguments included within the record; (2) the defendant's self-interested mental state; (3) the fact that the defendant's actions undermined the credibility of, and confidence in, the judiciary; (4) the defendant's lack of awareness regarding the nature of his offenses; and (5) the defendant's prior disciplinary history. The court then considered the length of the defendant's career as a mitigating factor. Given the great amount of discretion that we afford to trial courts in the context of attorney grievance proceedings, we conclude that the trial court did not abuse its discretion by ordering that the defendant be suspended from the practice of law for a period of four years.

We note that the defendant's brief raises numerous additional arguments in passing. After having examined these remaining claims carefully, we conclude that they are without merit.

The judgment is affirmed.

In this opinion the other justices concurred.

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] Rule 3.1 of the Rules of Professional Conduct provides in relevant part: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. . . ."

Rule 8.2 (a) of the Rules of Professional Conduct provides in relevant part: "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge . . . ."

Rule 8.4 of the Rules of Professional Conduct provides in relevant part: "It is professional misconduct for a lawyer to . . . (4) [e]ngage in conduct that is prejudicial to the administration of justice . . . ."

[3] The defendant initially was appointed executor of the estate of the decedent, who had been his friend. However, after the defendant filed a complaint against members of the decedent's family to recover certain life insurance proceeds, those family members hired Attorney J. Michael Sconyers to represent them in the handling of the estate and ultimately removed the defendant as executor of the decedent's estate. We note that a more

detailed summary of facts regarding the defendant's involvement with this estate is set forth in *Chief Disciplinary Counsel* v. *Rozbicki*, 150 Conn. App. 472, 475–77, 91 A.3d 932, cert. denied, 314 Conn. 931, 102 A.3d 83 (2014).

[4] The record does not indicate the resolution of this motion.

[5] For the sake of clarity, we note that all references to the trial court hereinafter are to Judge Robaina unless otherwise specified.

[6] Rule 2.15 of the Code of Judicial Conduct provides in relevant part: "(b) A judge having knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall take appropriate action including informing the appropriate authority. . . .

"(d) A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct shall take appropriate action. . . ."

[7] The defendant also contends, without providing us the benefit of adequate briefing, that the trial court lacked subject matter jurisdiction insofar as the plaintiff lacked standing to bring a presentment complaint because the reviewing committee did not first submit its proposed decision to the Statewide Grievance Committee for final approval and, as such, no final judgment was issued. "We cannot dispose of this issue via inadequate briefing rules . . . because the issue of standing implicates subject matter jurisdiction, and may be raised at any time, including by the court sua sponte." (Citation omitted.) *Horner* v. *Bagnell*, 324 Conn. 695, 705 n.11, 154 A.3d 975 (2017).

In reviewing this claim, we note that the defendant previously and unsuccessfully raised this exact issue in *Chief Disciplinary Counsel* v. *Rozbicki*, supra, 150 Conn. App. 479–81. There, the Appellate Court determined that the defendant's claim was based on an interpretation of the applicable statutes in a vacuum, without regard to certain amendments to our rules of practice. Id., 480. Although we are not bound by decisions of the Appellate Court, we are persuaded by its analysis on this issue. See *Commission on Human Rights & Opportunities ex rel. Arnold* v. *Forvil*, 302 Conn. 263, 271, 25 A.3d 632 (2011). Thus, the jurisdictional claim is controlled by the Appellate Court's reasoning, the correctness of which the defendant does not challenge. Accordingly, we conclude that the defendant's jurisdictional claim is without merit.

[8] It is not clear from the defendant's briefing whether his due process claim is predicated on the state or federal constitution. However, because he "has not provided an independent analysis of this issue under *State* v. *Geisler*, 222 Conn. 672, 684–86, 610 A.2d 1225 (1992), we deem abandoned any state constitutional due process claim. . . . Accordingly, we analyze the defendant's due process claim under the federal constitution only." (Citation omitted.) *State* v. *Skok*, 318 Conn. 699, 702 n.3, 122 A.3d 608 (2015).

[9] The trial court's memorandum of decision did not address or decide the defendant's due process claim regarding his lack of proper notice of the charges against him. The defendant also did not raise this claim in his memorandum of law in support of his motion for reargument. As such, we conclude that the defendant failed to adequately preserve this claim for appeal.

"[T]o obtain review of an unpreserved claim pursuant to [*Golding*], a defendant need only raise that claim in his main brief, wherein he must present a record that is [adequate] for review and affirmatively [demonstrate] that his claim is indeed a violation of a fundamental constitutional right." (Internal quotation marks omitted.) *State* v. *Elson*, 311 Conn. 726, 754–55, 91 A.3d 862 (2014). As such, a party's failure to request *Golding* review does not preclude consideration of his constitutional claim, if that claim otherwise was properly briefed, identified relevant constitutional authorities, and was founded on an adequate record for review. Id., 755.

The defendant failed to seek review of his unpreserved claim under *State* v. *Golding*, supra, 213 Conn. 239–40. Accordingly, we examine the defendant's brief to determine whether his claim nevertheless is reviewable under *Golding* pursuant to *State* v. *Elson*, supra, 311 Conn. 754–55.

[10] "Res judicata, or claim preclusion, express[es] no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. . . . Generally, for res judicata to apply, four elements must be met: (1) the judgment must have been rendered on the merits by a court of competent jurisdiction; (2) the parties to the prior and subsequent actions must be the same or in privity; (3) there must have been an adequate opportunity to litigate the matter fully; and (4) the same

underlying claim must be at issue. . . . Res judicata bars the relitigation of claims actually made in the prior action as well as any claims that might have been made there." (Citations omitted; internal quotation marks omitted.) *Wheeler* v. *Beachcroft, LLC*, 320 Conn. 146, 156–57, 129 A.3d 677 (2016).

[11] "The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Internal quotation marks omitted.) *Lighthouse Landings, Inc.* v. *Connecticut Light & Power Co.*, 300 Conn. 325, 343–44, 15 A.3d 601 (2011).

---